IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18cv0643 (AJT/JFA) |
| | ) | |
| APPROXIMATELY $6,000.00 U.S. | ) | |
| CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEC 1 4 2018**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's Request for Default Judgment and Order of Forfeiture.  (Docket no. 8).  In this motion, the United States of America ("plaintiff") seeks a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and Local Admiralty Rule (c)(5) and the entry of an Order of Forfeiture pursuant to 21 U.S.C. § 881(a)(6), against defendant U.S. Currency in "the approximate amount of $6,000.00" ("defendant currency").  (*Id.* at 1).  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On May 30, 2018, plaintiff filed a verified complaint *in rem* for forfeiture.  (Docket no. 1) ("Compl.").  The complaint alleges the $30,345.00 in funds seized from Devon Gerard Love at a security checkpoint at the Ronald Reagan Washington National Airport on August 13, 2017, were to be furnished in exchange for a controlled substance or proceeds traceable to such an exchange, or were intended to facilitate a controlled substance exchange.  (Compl. ¶¶ 7-9, 13).

On May 31, 2018, written notice of civil forfeiture against defendant currency and a copy of the verified complaint were mailed to Ebonique L. Poteat, a potential claimant, but the notice and complaint were returned as unable to forward. (Docket no. 6-1 ¶ 5).  On June 1, 2018, written notice of civil forfeiture against defendant currency and a copy of the verified complaint were sent by certified United States mail to Devon Love and Trinita Lee Love, a party who filed a claim for $6,000.00 during the Drug Enforcement Agency's administrative action, pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure ("Supplemental Rule G").  (*Id.*).  A tracking service shows the United States Postal Service delivered the written notice and complaint to Devon Love on June 2, 2018.  (*Id.*)  Trinita Lee Love signed a return receipt card for delivery of the written notice and complaint, which reflects a delivery date of June 13, 2018.  (*Id.*).

A warrant for arrest *in rem* was issued on June 5, 2018 (Docket no. 3), and the executed warrant for the arrest *in rem* was filed with the court that same day (Docket no. 4).  On November 27, 2018, plaintiff filed a declaration with the court asserting that notice of this civil forfeiture action was published on an official government internet site, www.forfeiture.gov, for 30 consecutive days beginning on July 4, 2018, and ending on August 2, 2018, in accordance with Supplemental Rule G(4)(a)(iv)(C).  (Docket no. 5-1).   On November 29, 2018, plaintiff filed a declaration with the court asserting that direct notice was sent to known potential claimants, in accordance with Supplemental Rule G(4)(b)(i).  (Docket no. 6-1).  Any claimant to defendant currency was required to file a claim within 35 days after written notice was sent or 60 days from the first day of publication on the official government internet site, and an answer to the complaint or Federal Rule of Civil Procedure 12 motion within 21 days after the filing of a claim.  Supp. R. G(5)(a)-(b).

No claim to defendant currency was made within 35 days after written notice was sent to Devon Gerard Love or Trinita Lee Love, or within 60 days after notice was published on the official government site, and no answer to the complaint or motion under Rule 12 has been filed by any claimant. Following the expiration of the time period for filing a claim, plaintiff filed a request for entry of default on November 29, 2018, supported with an affidavit from Karen L. Taylor. (Docket nos. 6, 6-1). Pursuant to this request, the Clerk entered a default on December 3, 2018. (Docket no. 7). On December 6, 2018, plaintiff filed a motion for default judgment and request of forfeiture (Docket no. 8) and a notice setting the motion for a hearing before the undersigned on December 14, 2018 (Docket no. 9).[1] On December 14, 2018, counsel for plaintiff appeared at the hearing on the motion before the undersigned, and no claimant appeared on behalf of defendant currency.

### Factual Background

The following facts are established by the verified complaint. (Docket no. 1). On August 13, 2017, federal officers discovered $30,345.00 in Devon Gerard Love's backpack at a security checkpoint. (Compl. ¶ 7). Devon Gerard Love told officers he had picked the money up from his mother's house, where he lived, and was on his way to Los Angeles, California, to search for a new residence. (Compl. ¶ 8). He also told officers he was a concert promoter and had won $10,000.00 at the MGM Casino at the National Harbor, but he could not provide documents supporting his work history or how he obtained the currency. (Compl. ¶ 8). Officers could not find any record of wages in the Maryland wages database. (Compl. ¶ 12). A canine certified to

---

[1] The plaintiff did not mail a copy of the request for entry of default or the motion for default judgment and notice of hearing to Devon Love or Trinita Lee Love. While service may not be required under Federal Rule of Civil Procedure 5(a)(2) when a party is in default for failure to appear, the undersigned believes it is the usual practice in this Court for all interested parties to be provided notice of a request for entry of default along with any motion for default judgment and notice of hearing. A copy of this pleading will be sent to Devon Love and Trinita Lee Love and if they seek leave to have the default vacated, the undersigned will take the failure to provide notice into consideration in deciding that request.

detect controlled substances discovered such substances on the funds. (Compl. ¶ 9). Devon Gerard Love had been arrested for a felony controlled substances possession with intent to distribute in January 2015, and he was found guilty of controlled substances manufacture, distribution, possession, and possession with intent to distribute in Maryland's Seventh Judicial Circuit Court. (Compl. ¶ 10).

## Proposed Findings and Recommendations

Civil forfeiture complaints must be verified, state the grounds for jurisdiction and venue, "describe the property with reasonable particularity," state the location of tangible property, identify the statute supporting the forfeiture action, and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2). Once the United States of America files the verified complaint, Supplemental Rule G(4) provides that a judgment of forfeiture "may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." Supp. R. G(4)(a)(i). Written notice and a copy of the complaint must be sent "to any person who reasonably appears to be a potential claimant," Supp. R. 4(b)(i), and notice may be posted "on an official internet government forfeiture site for at least 30 consecutive days," Supp. R. G(4)(a)(iii)(C). Any claimant asserting an interest in the defendant currency must file a claim within 35 days after receiving direct notice or within 60 days "after the first day of publication on an official internet government forfeiture site." Supp. R. G(5)(a)-(b).

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating

to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. District courts have original jurisdiction over actions commenced by the United States, 28 U.S.C. § 1345, and over actions for forfeiture, 28 U.S.C. § 1355(a). The United States of America is the plaintiff in this action and brought this claim under 21 U.S.C. § 881(a)(6) against defendant currency. Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a). Because defendant currency was seized at Ronald Reagan Washington National Airport located in Arlington, Virginia, within the Eastern District of Virginia, the court has *in rem* jurisdiction over those funds. 28 U.S.C. § 1355(b). Venue is proper in this court pursuant to 28 U.S.C. § 1395(a) because the funds were seized in this district.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over defendant currency, and that venue is proper in this court.

## Grounds for Entry of Default

On May 30, 2018, plaintiff filed a verified complaint *in rem* for forfeiture, alleging that the defendant currency should be forfeited pursuant to 21 U.S.C. § 881(a)(6). (Compl. ¶ 6). The

complaint states the grounds of subject matter and *in rem* jurisdiction and venue (Compl. ¶¶ 3-5), and it describes the amount of the funds and location of the seizure (Compl. ¶¶ 2, 7). The controlled substances detected on the funds and Devon Gerard Love's inability to provide documentation supporting the source of the funds (Compl. ¶¶ 8-9) constitutes "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). Therefore, the complaint satisfies the requirements of Supplemental Rule G(2).

The United States provided direct notice to two known potential claimants pursuant to Supplemental Rule G(4)(b) and attempted to provide direct notice to a third. Supplemental Rule G(4)(b)(i) requires the government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim." On May 31, 2018, plaintiff mailed written notice of civil forfeiture against defendant currency and a copy of the verified complaint to Ebonique L. Poteat, a potential claimant, but the notice and complaint were returned as unable to forward. (Docket no. 6-1 ¶ 5). However, the United States represents that Poteat had attempted to claim $14,000.00 of the seized funds during the DEA's administrative action, but the DEA returned her paperwork as insufficient, and Poteat failed to file new paperwork. (*Id.* ¶ 5 & n.1). Only Trinita Lee Love filed sufficient paperwork during the administrative forfeiture proceedings, and the DEA referred the $6,000.00 claimed by Trinita Lee Love to the United States Attorney's Office. (*Id.*). Plaintiff administratively forfeited all other funds, including those claimed by Poteat. (*Id.*). Therefore, the failed delivery attempt to Poteat does not appear to violate the direct notice requirement in Supplemental Rule G.

6

On June 1, 2018, written notice of civil forfeiture against defendant currency and a copy of the verified complaint were sent by certified United States mail to Devon Gerard Love, the individual from whom federal officers seized the funds, and Trinita Lee Love, the party who filed the claim for the $6,000.00 during the DEA's administrative forfeiture proceedings that are the subject of this action. (*Id.* ¶ 5). The United States Postal Service delivered the notice and complaint to Devon Gerard Love on June 2, 2018. (*Id.*). Trinita Lee Love received the written notice and complaint on June 13, 2018. (*Id.*). Supplemental Rule G(5)(a) and (b) requires interested parties with direct notice to file a claim within 35 days after the notice is sent and an answer within 21 days after filing a claim. Accordingly, any claim by Devon Gerard Love or Trinita Lee Love was due no later than July 6, 2018. Neither individual filed a claim for defendant currency or an answer to the complaint, and the time for doing so has expired.

On June 5, 2018, pursuant to Supplemental Rules G(3)(b) and (c), a warrant of arrest *in rem* was executed on defendant currency (Docket no. 3), and an executed warrant for arrest *in rem* was filed with the Clerk of Court that same day (Docket no. 4). Notice of the complaint was published on an official government internet site, www.forfeiture.gov, for thirty consecutive days beginning on July 4, 2018. (Docket no. 5-1). Any claimant to defendant currency was required to file a claim no later than 60 days after the first day of publication on the official government internet site. Supp. R. G(5)(a)(ii)(B). Accordingly, any claim would have been due no later than September 4, 2018.[2] Supplemental Rule G(5)(b) also requires a claimant to file and serve an answer or Rule 12 motion within 21 days after filing the claim. No individual or entity filed either a claim or answer in this matter, and the time for doing so has expired.

---

[2] When the last day of a time period stated in days ends on a Sunday, Federal Rule of Civil Procedure 6(a)(1)(C) provides that "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Sixty days from July 4, 2018, was Sunday, September 2, 2018. Labor Day fell on the following day, Monday, September 3, 2018. Therefore, the undersigned calculates the last date a party could have filed a claim as Tuesday, September 4, 2018.

Plaintiff requested entry of default on November 29, 2018, after the expiration of the time period for a person to assert an interest in defendant currency (Docket no. 6), and the Clerk of Court entered default on December 3, 2018 (Docket no. 7). The undersigned recommends a finding that notice of this action was given properly, that no claim to defendant currency was asserted in a timely manner, and that the Clerk of Court properly entered default as to defendant currency under Fed. R. Civ. P. 55(a) and Local Admiralty Rule (c)(4) and (5).

### Liability

Because no claim or answer was filed in this matter and the Clerk of Court properly entered a default, the factual allegations in the complaint are deemed admitted. Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, defendant currency represent proceeds traceable to a violation of 21 U.S.C. § 841 *et seq.* (Compl. ¶¶ 6, 9, 13). In order to effect the forfeiture, the United States must establish probable cause "for belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute." *Boas v. Smith*, 786 F.2d 605, 609 (4th Cir. 1986) (citations omitted). Based on the established facts that Devon Gerard Love made inconsistent statements about the source of the funds, he was unable to provide documentation supporting any of the sources claimed, and the funds contained traces of controlled substances (Compl. ¶¶ 7-12), defendant currency is subject to condemnation and forfeiture to plaintiff pursuant to 21 U.S.C. § 881(a)(6).

### Conclusion

For these reasons the undersigned recommends that a default judgment be entered in favor of the United States and that an order of forfeiture be entered declaring that the $6,000.00 in currency seized from Devon Gerard Love be forfeited to the United States of America pursuant to 18 U.S.C. § 881(a)(6) and that the Attorney General, or a designee, be authorized to

seize the forfeited funds and take full and exclusive custody and control of those funds once the order becomes final.

## Notice

By means of the court's electronic filing system the parties and the public are notified that any request to vacate the entry of default or any objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

A copy of this proposed findings of fact and recommendations will be mailed to Devon Gerard Love and Trinita Lee Love at 13813 Chestnut Oak Lane, Brandywine, Maryland 20613.

ENTERED this 14th day of December, 2018.

_____/s/_____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

9